Mr; Justice CATRON
dissenting.
The opinion just pronounced maintains that a deed in fee, without conditions, and made in that form, according to an agreement of the parties at the time, may.be proved to have been a mortgage by parol evidence, establishing that a defea-sance was part of the agreement when the-"absolute deed was executed; but that it was left, out by design. And that this parol proof may be made, after the lapse of inore than twenty-years from the date of the deed before the grantee was Bued; *302 he baying been in possession of the land conveyed, bolding it' under the deed from its date up to the time when the suit was brought.
The defendant (among other things) relied on the statute of frauds as a .defence to the suit. Lord Hardwicke lays down the rule (in Montacute v. Maxwell, 1 P. Williams, 618) to be, that where there was no fraud or mistake in the original transaction, and the word or promise of the defendant was relied on, the statute of frauds declares such promise void, and equity will not interfere. And in this doctrine I understand the Supreme Judicial Court of Massachusetts to concur. (Walker v. Locke, 5 Cush., 90.)
The effect of the defeasance here set up, by parol evidence, is, that it defeats the absolute deed, and makes it void on "payment of a sum of money. On general principles the rule is, that where there is a written contract, all antecedent propositions, negotiations, and parol interlocutions, on the same subject, are deemed to be merged in such contract. (1 Story Com., p. 173, sec. 160; 2 Story, p. 286, sec. 1, 018.)
There must be, fraud or mistake in making the agreement, if it can be reformed. (Id., sec. 157, p. 169.)
I think the parol proof was inadmissible both by the statute of frauds of Massachusetts, and according to the general rule referred to; and that the decree should be reversed, and the bill dismissed.